UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROBAX USA, INC. AND PROBAX PTY LTD, Plaintiffs, -against- KEVIN ALLAN Defendant. | 26-CV-9052 (VSB) **ORDER** |

VERNON S. BRODERICK, United States District Judge:

At today's conference, I extended, with Defendant's consent, the temporary restraining order issued on October 15, 2026, (Doc. 14), pending resolution of Plaintiffs' request for a preliminary injunction. *See* Fed. R. Civ. P. 65(b)(2) (authorizing court to extend TRO beyond 14 days with adverse party's consent).

Regarding security pursuant to Rule 65(c), I directed Defendant to file a proposed bond amount by 11:59 p.m. on **Monday, October 26, 2026**, and Plaintiffs to file any response thereto by 11:59 p.m. on **Tuesday, October 27, 2026**. *See* Fed. R. Civ. P. 65(c).

I reserved ruling on Plaintiffs' request to expand the scope of the temporary restraining order, consistent with the proposed order Plaintiffs filed, (Doc. 9), pending further submissions by the parties. Specifically, I directed Plaintiffs to supplement their moving papers by 11:59 p.m. on **Monday, October 26, 2026**, to address the outstanding factual questions identified during today's conference, including but not limited to:

- Additional factual detail to substantiate a showing of irreparable harm absent the full scope of Plaintiffs' requested temporary restraining order, including a separate justification for each paragraph of Plaintiffs' proposed order and supporting citations to legal authority;
- With respect to each item or category of items that Plaintiffs contend are "Source Code"

or "Confidential Information"—*i.e.*, "source code, repositories, branches, commits, system architecture, infrastructure configurations, credentials, passwords, authentication information, technical documentation, data, and customer information" (Doc. 9 at 6)—specificity as to (1) whether Plaintiffs contend that the item or category of items is a trade secret and, if so, on what basis; and (2) the factual basis for any contention that Defendant's access to the item or category of items would cause irreparable harm to Plaintiffs;

- Current organizational/formation documents for both Probax USA, Inc. and Probax PTY LTD, including any organizational charts, showing the relationship between the two entities and any ongoing role or financial interest Defendant has in either entity;

- Documents or information related to the ownership of Probax USA, Inc. and Probax PTY LTD, including share distribution;

- Clarification as to the difference between the degree of "access" to Plaintiffs' systems and/or confidential information that Defendant properly retains as a shareholder, as referenced in today's conference, versus the degree of access that Defendant was permitted solely by virtue of his employment as Chief Technology Officer; and

- Specificity as to the four devices in Defendant's possession that Plaintiffs contend were purchased by Probax and remain the property of Probax.

I also directed Defendant to file a response to Plaintiffs' request for a temporary restraining order, including any timely filed supplementation, by 11:59 p.m. on **Wednesday, October 28, 2026.**

Finally, I directed the parties to confer and take steps to facilitate the identification and segregation of all emails exchanged between Defendant and anyone with whom he has, or had at the time of the relevant correspondence, an attorney-client relationship. Once identified, Plaintiffs are to treat such emails as privileged.

SO ORDERED.
Dated: October 23, 2026
New York, New York

Vernon S. Broderick
United States District Judge