UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROBAX USA, INC. AND PROBAX PTY LTD,

Plaintiffs,

-against-

KEVIN ALLAN

Defendant.

26-CV-9052 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

Upon Plaintiffs' request to expand the temporary restraining order entered on October 15, 2026 (Docs. 9, 24, 25, 26, 34, 38, 44), Plaintiffs' request for expedited discovery (Docs. 10–12), and Defendant's submissions in response (Docs. 39–41), and without deciding the ownership of any software, repository, or intellectual property, IT IS ORDERED:

1. Without prejudice. Nothing in this Order, and no act taken under it, is an admission or determination of who owns any repository, code, or intellectual property at issue in this case. Each party reserves all rights, claims, and defenses related to the ownership issue. The temporary restraining order entered on October 15, 2026 (Doc. 14), to which Defendant consented, remains in full effect, and nothing in this Order modifies or narrows it except to the extent expressly stated in ¶ 6 of this Order.

2. Mutual preservation. Each party, and its officers, agents, employees, and those acting in concert with it who receive actual notice of this Order, shall preserve and shall not delete, alter, or destroy: (a) the repositories api, dropbox, dropboxv2, internal-api, metabase-tools, Scout, vcspchecker, and vcspchecker-www (the "Repositories"), including all branches, tags, and commit histories, and every repository in the Probax workspaces; (b) Bitbucket, Atlassian, AWS (including

CloudTrail), Microsoft 365, OneDrive, Slack, and endpoint-monitoring logs relating to the Repositories, the devices referenced in ¶ 5 of this Order, or this dispute, from August 1, 2026; and (c) communications relating to the Repositories, the letter of intent (Doc. 25-1), or this dispute. Nothing in this paragraph prevents Probax from using, maintaining, modifying, building, testing, and deploying its source code and systems in the ordinary course of business, including repairing defects, keeping its integrations compatible with partner platforms such as Veeam and Wasabi, addressing issues, rotating credentials and securing its systems, and supporting its customers. Probax shall preserve the existing commit history and a verified baseline copy of each Repository.

3. Disclosure. Defendant shall not disclose the Repositories, any code recovered under ¶ 5 of this Order, or any credentials contained in them to any third party, as provided by the temporary restraining order entered on October 15, 2026, (Doc. 14). Pending further order, Plaintiffs shall disclose the Repositories and Probax's source code only (a) in the ordinary course of business, subject to Probax's customary confidentiality obligations, and (b) to prospective buyers and investors who have signed a confidentiality agreement or are bound by a protective order, as part of technical due diligence. Absent Court authorization, Plaintiffs shall not close any transaction or sale, or transfer the Repositories or code, before the Court rules on Plaintiffs' application for a preliminary injunction.

4. Neutral examiner. Within five days the parties shall agree on a neutral forensic examiner (the "Examiner"), failing which each shall propose two candidates within two further days and the Court will appoint one. The Examiner shall be jointly instructed, shall report to both parties, and shall act under a written protocol agreed by the parties or ordered by the Court. Plaintiffs shall advance the Examiner's fees, subject to reallocation as costs. Within three business days after the Examiner is engaged, Defendant shall give the Examiner access sufficient to make a verified copy of (a) the Repositories, including the Scout repository, and (b) all source code required to reproduce the current

production versions of Scout and the Probax Platform (as of September 28, 2026), wherever held and whether within or outside the Repositories.

5. Devices. **Within forty-eight (48) hours after entry of this Order**, Defendant shall deliver to the Examiner, or to an escrow agreed by the parties, the laptops identified at Doc. 25 ¶ 30 that are in his possession. The devices shall be held by the Examiner or escrow pending imaging and shall not be returned to Defendant absent further order. Defendant shall also make the following devices available for same-day imaging by the Examiner, after which the devices will be returned to Defendant: (a) the second ASUS laptop in his home to which his Probax user account was attached, and (b) the Samsung phone for which Probax previously paid the monthly charge. At the time of delivery, Defendant shall also provide to the Examiner all passcodes, passwords, PINs, encryption keys, recovery keys, and other access codes or credentials necessary to unlock, decrypt, and access each device and the data and virtual machines on it, so that the Examiner can make complete forensic images. The Examiner shall make verified forensic images of each device and provide a copy of each image to both parties. Plaintiffs' counsel shall hold the image of the Samsung phone and shall not disclose any of its contents until any personal information has been identified, and shall not share or review any personal information once identified. Defendant shall not switch on those devices, or start, open, or modify the virtual machines on them, before delivery. The Examiner, not Defendant, shall attempt any recovery of data from a device that is not working. Within three business days after imaging, the Examiner shall provide Plaintiffs with a copy of any Scout source code recovered, without prejudice to ownership. No other personal device of Defendant shall be imaged absent further order.

6. Supervised handover of company systems and repositories. **Within forty-eight (48) hours after entry of this Order**, through counsel and in logged sessions attended by both sides' representatives (or the Examiner), Defendant shall cooperate in a supervised handover of Probax systems and repositories as detailed below. Defendant's conduct in compliance with this paragraph shall not be deemed a violation of the temporary restraining order entered in this action on October 15,

2026.

a) Defendant shall cooperate in transferring administrative control of Bitbucket and Atlassian administration, Jira, the AWS root account and its MFA device, OVH, Fortiweb, Heimdall, Wasabi, Slack, NameCheap, and the registrant contact for probax.com.au. Defendant shall also hand over all credentials, authentication, and recovery rights for those systems, including by withdrawing his instruction that AWS require voice verification with him, and shall provide any information necessary to ensure the code is fully executable. After the handover, Probax may rotate any credentials, and Defendant shall certify that he retains none. Defendant shall not be required to disclose any credential for any personal account, except to the extent that the account holds, stores, or provides access to any of Probax's Source Code or Probax's confidential information as defined in § 7 of Allan's offer letter dated November 24, 2017 (Doc. 1-1) ("Confidential Information"), including source code, repositories, branches, commits, system architecture, infrastructure configurations, credentials, passwords, authentication information, technical documentation, data, and customer information, or any works and subject matter of every kind, including source code, object code, scripts, software, applications, modules, libraries, tools, algorithms, processes, inventions, improvements, designs, data, documentation, configurations, and trade secrets, however embodied, together with all copies, versions, branches, forks, derivatives, and commit histories thereof, that Allan made, created, authored, developed, contributed to, or modified, in whole or in part, regardless of who Allan contends owns it ("Work Product"), relating to the business of Probax and its parents, subsidiaries, and related companies, including the development, operation, marketing, and provision of the Probax Platform and related data protection and data management products and services (the "Probax Business"), including the software "Scout," in which case Defendant shall provide the credentials for that account to the Examiner. An account is not personal for purposes of this paragraph merely because it is held in Defendant's individual

name, including the personal Bitbucket workspace named "kevinallanpersonal" that is tied to Allan's individual account and that Allan alone controls (the "Allan Workspace"); and

b) Defendant shall remove any limitation to Probax's access, restore to the Bitbucket workspaces located at bitbucket.org/probax and bitbucket.org/probaxdevteam (collectively, the "Probax Workspace"), or otherwise transfer to Probax's exclusive control, every repository containing Probax's proprietary source code, software repositories, system architecture, infrastructure configurations, credentials, technical documentation, and related business information (collectively, the "Source Code") that Allan moved, copied, or transferred to the "Allan Workspace" or any other location, including but not limited to the eight transferred code repositories: api, dropbox, dropboxv2, internal-api, metabase-tools, scout, vcspchecker, and vcspchecker-www, each with its complete commit history, branches, and tags, and all other code needed to reproduce current production versions of Probax's proprietary cloud-based software platform (the "Probax Platform"), wherever held.

7. <u>Privileged data</u>. Any privileged communications shall be addressed under the privilege protocol directed by the Court at Doc. 21. The parties shall confer regarding the return of any of Defendant's personal documents or communications.

8. <u>Certification</u>. Within five business days after completing ¶¶ 4–6, Defendant shall file with the Court a sworn certification identifying each repository, code set, credential, and access right delivered or restored, confirming that he has not withheld any Repository or Scout code within the terms of this Order, and confirming that the code delivered under ¶ 6 is complete and sufficient to build and run the production versions of Scout and the Probax Platform as they existed on September 28, 2026.

9. <u>Security</u>. Security under Fed. R. Civ. P. 65(c) is set at twenty-five thousand U.S. dollars ($25,000). Security must be posted **within forty-eight (48) hours after entry of this Order**.

10. <u>Expedited discovery</u>. Plaintiffs' request for expedited discovery (Docs. 10–12) is granted

as follows. Expedited discovery shall be: (a) limited to the Relevant Period beginning March 28, 2026; (b) mutual; (c) answered by each party on the same schedule, with all objections, including objections to relevance and scope, reserved; and (d) without any requirement that a party state a current password or credential in writing, provided that the passwords, credentials, and authentication information for Probax's systems are delivered through the supervised handover in ¶ 6. Expedited discovery shall proceed on the following terms: (i) each party may serve no more than ten (10) requests for production; (ii) each party may serve no more than ten (10) interrogatories; (iii) each party shall serve any requests for production and interrogatories no later than four (4) days after entry of this Order; (iv) each party shall produce documents and serve responses no later than ten (10) days after service of a request for production or interrogatory; (v) Defendant shall sit for a deposition of no more than five (5) hours; and (vi) after Defendant's deposition, Probax and Probax Australia shall sit for a deposition of no more than five (5) hours total.

11. Defendant's document requests. Defendant's request that Plaintiffs be ordered to produce, within seven days, the log entries on which the Declaration of John Eikenberry ¶ 26 (Doc. 24) relies, Bitbucket and Atlassian audit logs for the Probax workspaces from August 1, 2026, and any resolution of the board of directors of Probax PTY LTD authorizing this action is denied. Any such requests shall be properly served and answered on the same schedule as other discovery under ¶ 10, and all objections are reserved.

12. Review. Any party may apply to modify this Order on two business days' notice.

The parties are further ORDERED to appear for a status conference on **November 24, 2026, at 11:00 a.m.** The hearing will take place telephonically. The dial-in number is **1-855-244-8681** and the access code is **2309 3085 835**. There is no attendee ID. The parties should be prepared to discuss a schedule for the completion of depositions as well as briefing on Plaintiffs' application for a preliminary injunction.

SO ORDERED.

Dated: November 9, 2026
New York, New York

Vernon S. Broderick
United States District Judge